UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

METROPOLITAN LIFE
INSURANCE COMPANY

VERSUS

JOHNNY RAY DEDON, INDIVIDUALLY
AND AS EXECUTOR OF THE ESTATE
OF RUSSELL MARVIN DEDON, K.D.
(a minor), REBECCA DEDON, AND
GREEN OAKS FUNERAL HOME

CIVIL ACTION

NO. 11-CV-17

## **RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion (doc. 14) for Summary Judgment. Plaintiff has filed an opposition (doc. 15) to which Defendant has filed a reply (doc. 19). There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. §1331. For the reasons stated herein, the Court DENIES Defendant's Motion.

The following facts are undisputed. On June 7, 2010, Defendant-in-Interpleader Rebecca Dedon ("RD") shot and killed her husband, Russell Marvin Dedon (the "Decedent") (doc. 15-3). RD was subsequently charged with intentional homicide and claimed that her actions were justified because she reasonably feared for her life due to the Decedent's history of being violent towards her (doc. 15-3). A Grand Jury considering the incident returned no true bill, and no further criminal charges were filed (doc. 14-5). Thereafter, RD sought to collect the Decedent's life insurance benefits from Plaintiff Metropolitan Life

1

Insurance Co. ("Met Life"), however, the Decedent's sole heir, Defendant-in-Interpleader Kristen Dedon ("KD"), contacted Met Life to contest RD's entitlement to the proceeds. On January 10, 2011, Metropolitan Life Insurance Co. ("Metropolitan") brought this interpleader action to determine the proper claimants to the Decedent's life insurance policy (doc. 1).

On March 1, 2011, RD filed her Motion (doc. 14) for Summary Judgment. RD asserts that she is entitled to recover, despite that Louisiana's "slayer statute"[1] bars an individual who has caused the unjustified death of a decedent from receiving the benefits due under the decedent's life insurance policy. RD asserts that the Decedent had a history of becoming intoxicated and violent towards her, that he engaged in such behavior on the night of the incident, that she was justified in shooting him because she reasonably feared for her life, and that Louisiana's "slayer statute" does not apply to bar her recovery.

On March 1, 2011, KD filed her opposition (doc. 15). KD asserts that there are genuine issues of material fact which preclude summary judgment—all of which are necessary to the central issue of whether RD's actions were justified—such as (1) whether there were other firearms in the house as RD claims; (2) whether the Decedent physically assaulted RD prior to the incident; (3) the Decedent's history of intoxication and violence; and (4) whether RD retreated prior to shooting the Decedent.

---

[1] Louisiana Revised Statute 22:901(D).

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant has the initial burden of demonstrating the absence of material facts and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). If the movant does so, the burden shifts to the nonmovant to show, by affidavit or otherwise, that a genuine issue of material fact remains for the factfinder to resolve. *Celotex*, 477 U.S. at 321-25. Courts considering a motion for summary judgment are generally not permitted to make credibility determinations, weigh the evidence, or draw inferences from the facts; instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Moreover, issues involving state of mind, including motive and intent, are "particularly ill-suited for summary judgment." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005).

The Court finds that there are genuine issues of material fact which preclude summary judgment. The Decedent's history of violence and actions on the night of his death are reasonably in dispute (doc. 15, ex. B). Moreover, whether there were other firearms present in the home and whether RD retreated or sought other, less drastic measures, prior to shooting the Decedent are in dispute (doc. 15, ex. A). Lastly, the ultimate issue in this case is whether RD

reasonably feared for her life and was thus justified in shooting the Decedent, and, as a general matter, RD's state of mind and the reasonableness thereof are "particularly ill-suited for summary judgment." *Cooper Tire & Rubber Co.*, 423 F.3d at 459.

## Conclusion

Accordingly, the Court hereby DENIES Rebecca Dedon's Motion (doc. 14) for Summary Judgment.

Signed in Baton Rouge, Louisiana this 24th day of MARCH, 2011.

HONORABLE JAMES J. BRADY
MIDDLE DISTRICT OF LOUISIANA